UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABDOLPH A. LEGER,

                *Plaintiff*,

– against –

JUDGE JOHN HECHT; CHIEF COURT CLERK BRIAN M. MCALLISTER; POLICE OFFICER ROSARION SAINTELME, Tax # 959960; POLICE OFFICER NICHOLAS A. ORTEGA, Tax # 97539; SERGEANT CEASAR A. REYAS, Tax # 952159; MARIO ROMANO, 2nd Lawyer, 18B; FORMER DEA JEREMY SALAND, 1st Lawyer; DINEEN RIVIEZZO; SERGEANT KEENAN A. ADAMS-EDWARD, Tax # 953617; POLICE OFFICER ALEX NULMAN, Tax # 94317; POLICE OFFICER HUMBERTO J. DELGADO, Tax # 968523; JUDGE CHU PHYILLIS,

                *Defendants*.

**MEMORANDUM & ORDER**
25-cv-02418 (NCM) (SDE)

---

**NATASHA C. MERLE**, United States District Judge:

      Plaintiff Abdolph A. Leger, currently being held at the Otis Bantum Correctional Center on Rikers Island, brings this pro se action under 42 U.S.C. § 1983. *See generally* Compl., ECF No. 1. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. *See* Request to Proceed In Forma Pauperis, ECF No. 2. For the reasons discussed below, plaintiff's claims against Kings County Criminal Court Judges John Hecht, Dineen Riviezzo, and Phyliss Chu,[1] Chief Court Clerk Brian M. McAllister, and

---

[1]     The Court assumes that plaintiff is seeking to name Kings County Criminal Court Judge Phyllis Chu, sued under the name "Chu Phyillis".

1

defense attorneys Mario Romano and Jeremy Saland are dismissed. Plaintiff's claims against Police Officer Rosarion Saintelme, Tax # 959960, Police Officer Nicholas A. Ortega, Tax # 97539, Sergeant Ceasar A. Reyas, Tax # 952159, Sergeant Keenan A. Adams-Edwards, Tax # 953617, Police Officer Alex Nulman, Tax # 94317, and Police Officer Humberto J. Delgado, Tax # 968523 may proceed.

## BACKGROUND

Plaintiff brings this action in connection with a pending state court criminal case in Kings County Criminal Court. *See People v. Leger*, No. IND-71386-22/001 (Kings Sup. Crim. Ct. filed Apr. 22, 2022). Plaintiff alleges that on April 1, 2022, officers from the 72nd Precinct stopped him, searched his vehicle, and arrested him based on the alleged presence of excessive window tint and a covered license plate. Compl. 6–9.[2] Plaintiff also names as defendants Kings Supreme Criminal Court Judges John Hecht, Dineen Riviezzo, and Phyliss Chu, Chief Court Clerk Brian M. McAllister, and defense attorneys Mario Romano and Jeremy Saland. Plaintiff does not allege specific facts or wrongdoing by these individuals in the body of the complaint. Plaintiff seeks dismissal of the state court charges and unspecified money damages. Compl. 9.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*,

---

[2] Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.
[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this assumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the Court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

### I.   Claims Against Judges

Plaintiff seeks to bring claims against Kings County Criminal Court Judges John Hecht, Dineen Riviezzo, and Phyliss Chu. Compl. 4–5. These claims must be dismissed because judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 911 (1991) (upholding applicability of judicial immunity in Section 1983 actions); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.") "[J]udicial immunity is not overcome by allegations of bad faith or

3

malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13. Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* at 11–12. Here, plaintiff has not alleged any facts to suggest that the actions taken by these judges were not taken within their judicial capacity or were taken in the complete absence of all jurisdiction. *See Vasquez v. Napolitano*, No. 25-cv-00432, 2025 WL 373464, at *2 (E.D.N.Y. Feb. 3, 2025). Accordingly, there is no basis to conclude that the judges are not immune from this suit.

## II. Claims Against Court Clerk

Plaintiff's claim against Chief Court Clerk Brian M. McAllister must likewise be dismissed because court staff performing judicial duties also have absolute immunity from suit. Absolute immunity extends to court employees who perform tasks "which are judicial in nature and an integral part of the judicial process." *Proctor v. Quinn*, No. 19-cv-00833, 2019 WL 692935, at *2 (E.D.N.Y. Feb. 19, 2019) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)). The court's "inherent power to control its docket is part of its function of resolving disputes between parties and is thus a function for which judges and their supporting staff are afforded absolute immunity." *Id.* (quoting *Rodriguez*, 116 F.3d at 66); *see also Pikulin v. Gonzalez*, No. 07-cv-00412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"); *Lewis v. Wolfe*, No. 21-cv-06949, 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14, 2021) ("court clerks are absolutely immune from suit for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court."). Plaintiff

has alleged no facts indicating that he is suing Chief Court Clerk McAllister for a non-judicial act, and therefore Chief Court Clerk McAllister must be dismissed from the suit.

### III. Claims Against Defense Attorneys

Plaintiff's claims against attorneys Mario Romano and Jeremy Saland cannot survive because there is no indication that either individual has acted under color of state law. Plaintiff alleges that Romano and Saland were plaintiff's first attorney and second attorney. Compl. 4. Plaintiff specifies that Romano was assigned to him pursuant to "18B," by which plaintiff presumably refers to N.Y. County Law Article 18-B and the Assigned Counsel Plan promulgated thereunder, which provides legal services to certain indigent criminal defendants in New York City. *See Mitchell v. Fishbein*, 377 F.3d 157, 160 (2d Cir. 2004). Plaintiff's claims against Romano and Saland must be dismissed because Section 1983 applies only to individuals acting "under color of state law," *see Polk County v. Dodson*, 454 U.S. 312, 315 (1981), and "excludes from its reach merely private conduct, no matter how discriminatory or wrongful," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A lawyer representing a client is generally not considered "a state actor under color of state law within the meaning of § 1983," even if the lawyer is a public defender or court-appointed attorney paid or employed by the state. *Polk County*, 454 U.S at 318; *see also Rodriguez*, 116 F.3d at 65–66 ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983.").

A private actor may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)

(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Here, however, plaintiff has pleaded no facts from which the Court could plausibly construe that Romano or Saland "acted in concert with [a] state actor to commit an unconstitutional act." *Id.*; *see also DeFreitas v. Toulon*, No. 23-cv-05933, 2024 WL 308250, at *10 (E.D.N.Y. Jan. 26, 2024). The Court therefore also dismisses defendants Romano or Saland from the case.

IV.  Dismissal of Charges

To the extent that plaintiff seeks "immediate dismissal of all charges," Compl. 9, the *Younger* abstention doctrine prevents this Court from interfering with a pending state court criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 41 (1971); s*ee also Davis v. Guadarama*, 24-cv-00278, 2025 WL 1027998, at *1 (D. Conn. Mar. 13, 2025) ("[F]ederal courts ordinarily refuse requests to dismiss state criminal charges."). While *Younger* abstention does not apply to state prosecutions involving special circumstances such as "bad faith, harassment, or a patently invalid state statute," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013), plaintiff here has not alleged any facts suggesting that this exception applies. Accordingly, the Court has no basis to issue an order dismissing the state court criminal charges currently pending against plaintiff.

**CONCLUSION**

Plaintiff's claims against Kings County Criminal Court Judges John Hecht, Dineen Riviezzo, and Phyliss Chu, Chief Court Clerk Brian M. McAllister, and attorneys Mario Romano and Jeremy Saland are dismissed. The Clerk of Court is directed to terminate these defendants from the action.

Plaintiff's claims against against Police Officer Rosarion Saintelme, Tax # 959960, Police Officer Nicholas A. Ortega, Tax # 97539, Sergeant Ceasar A. Reyas, Tax # 952159, Sergeant Keenan A. Adams-Edwards, Tax # 953617, Police Officer Alex Nulman, Tax #

94317, and Police Officer Humberto J. Delgado, Tax # 968523 may proceed. The Clerk of Court shall issue a summons, and the United States Marshals Service is directed to serve the summons, Complaint, and this Order upon these defendants without prepayment of fees.

The case is referred to Magistrate Judge Seth D. Eichenholtz for pretrial supervision. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and a courtesy copy to the Corporation Counsel for the City of New York, Special Federal Litigation Division, noting the mailings on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　/s/ Natasha C. Merle
　　　　　　　　　　　　　　　　　　　　　　NATASHA C. MERLE
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　October 23, 2025
　　　　　　Brooklyn, New York